

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess **Logoff KATRINAMORGAN**

**2022-CC00307 - TIERRA JACKSON V OPEN SKY EDUCATION INC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries ▼

---

**03/04/2020** ☐ **Other Proposed Document Filed**

Plaintiff Tierra Jacksons Amended Petition For Race and Pregnancy Discrimination Under the Missouri Human Right Act; Request for Appointment of Process Server; Exhibit 1 - Charge of Discrimination; Exhibit 2 - Charge of Discrimination; Exhibit 3 - Notice of Right to Sue.
  **Filed By:** PETER JOSEPH DUNNE
  **On Behalf Of:** TIERRA JACKSON

**02/19/2020** ☐ **Jury Trial Scheduled**

  **Scheduled For:** 08/10/2020; 9:00 AM ; REX M BURLISON; City of St. Louis

**02/13/2020** ☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-851, for OPEN SKY EDUCATION, INC.

**02/11/2020** ☐ **Motion Special Process Server**

Plaintiffs Request for Appointment of Process Server.

**02/10/2020** ☐ **Filing Info Sheet eFiling**

  **Filed By:** PETER JOSEPH DUNNE

☐ **Pet Filed in Circuit Ct**

Plaintiff Tierra Jacksons Petition For Race and Pregnancy Discrimination Under the Missouri Human Right Act;
  **Filed By:** PETER JOSEPH DUNNE
  **On Behalf Of:** TIERRA JACKSON

☐ **Judge Assigned**

---

Case.net Version 5.14.0.17                    Return to Top of Page                    Released 11/25/2019

https://www.courts.mo.gov/casenet/cases/searchDockets.do

**EXHIBIT A**

1/1

**2022-CC00307**

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| TIERRA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: |
| vs. | ) | |
| | ) | Division |
| OPEN SKY EDUCATION D/B/A EAGLE | ) | |
| COLLEGE PREPARATORY | ) | |
| ELEMENTARY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## *PLAINTIFF TIERRA JACKSON'S PETITION FOR RACE AND PREGNANCY DISCRIMINATION UNDER THE MISSOURI HUMAN RIGHTS ACT*

COMES NOW Plaintiff Tierra Jackson (hereafter "Jackson") and for her cause of action alleging racial and sex discrimination against Defendant Open Sky Education d/b/a Eagle College Preparatory Schools (hereafter "Defendant"), states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.  At all times herein mentioned, Jackson resides in St. Louis County, State of Missouri.

2.  At all times herein mentioned, Defendant is a non-profit organization headquartered in Waukesha, Wisconsin.

3.  Defendant conducts extensive business in and maintains extensive contacts in the State of Missouri. Defendant maintains and operates four schools in the City of St. Louis.

4.  Defendant hired Jackson as a "Dean of Students" at the "Eagle Gravois Park" (hereafter "Gravois Park") school located on 3630 Ohio Avenue, St. Louis, MO 63118 in June, 2018.

{02306372.DOCX;1}

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

5.      Jackson is African-American.

6.      Jackson was pregnant throughout the first half of her term of employment with Open Sky, and gave birth to her baby son on January 9, 2019.

7.      Jackson went on maternity leave between January 9, 2019 and March 6, 2019; and Jackson returned to work at Gravois Park on March 7, 2019.

8.      Jackson timely filed her first Charge of Discrimination based on race and pregnancy discrimination on July 3, 2019. Jackson's first Charge of Discrimination is incorporated herein. See Plaintiff's Exhibit 1.

9.      Jackson timely filed an Amended Charge of Discrimination on September 16, 2019. Jackson's Amended Charge of Discrimination is incorporated herein. See Plaintiff's Exhibit 2.

10.     Jackson received a letter of "Notice of Right to Sue" from the Missouri Commission on Human Rights on January 13, 2020. Jackson has exhausted her administrative remedies and has standing to sue. See Plaintiff's Exhibit 3.

**COUNT I—DISCRIMINATION BASED ON PREGNANCY AND RACE**

11.     Jackson incorporates Paragraphs 1-10 as though fully restated herein.

12.     At the time Jackson returned to work, Jackson was accredited with a Master's Degree in Education; Jackson had four years of experience teaching in the classroom, an additional years' experience as a special school district paraprofessional (or "behavioral specialist") and experience as a "grade-level chair," and as head of a "professional learning committee."

2

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

13. At no point during the entire term of her employment with Open Sky Education, did Jackson receive any negative performance evaluation of any kind from any administration member of Eagle Prep, in writing or otherwise.

14. The primary education system is a cyclical employment industry; Open Sky Education maintains an informal policy of issuing "offer letters" (offers of continued employment the following year) and declination of employment decisions to current employees during the two-week period of time immediately prior to the "Spring Break" vacation period.

15. During the 2018-2019 school-year at Gravois Park, this period fell between March 11-22, 2019.

16. Jackson did not receive an "offer letter" or "declination" decision during that timeframe.

17. Upon information and belief, every other teacher and administrative personnel at Gravois Park received an "offer letter" or "declination decision" during the period of school days between March 11 and March 22, 2019.

18. Jackson was not provided an explanation for why she did not receive an offer or declination of employment during the standard timeframe.

19. When Jackson approached the Gravois Park Principal, Margaret Meisinger, on March 22, 2019, to ask for an explanation, Meisinger indicated that "we'll talk about it after Spring Break." Jackson then approached Meisinger for an explanation a second time, on March 25, 2019, but Meisinger would not provide an explanation for why Jackson had not been provided an employment decision.

20. On April 16, 2019, the Tuesday immediately after the "Spring Break" vacation, Meisinger presented Jackson with written "notes" which Meisinger represented were issued by Ciji Pittman, the Open Sky Education Director of Schools, explaining that

3

{02306372.DOCX;1}

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

Jackson's employment would not be extended for another school year because Open Sky was looking for someone to serve as Dean of Students who was not "just out of the classroom."

21.    At the time of April 16, 2019, Jackson had completed almost a full school year serving as the Dean of Students for Gravois Park; this is considered an administrative position in the Open Sky Education hierarchy.

22.    The same day, Jackson wrote an email to Meisinger asking for a written explanation of why Jackson had not been "given a contract for next year."

23.    Meisinger forwarded Jackson's email correspondence to Ciji Pittman. Pittman "clarified" that "We are not terminating you. We believe you are mission aligned with EAGLE and appreciate your commitment to the families and students of Gravois Park this year...generally we do not provide contracts to employees." Pittman further indicated she was "including our [Eagle Prep's] HR team on the email so that they can provide further support."

24.    Jackson replied, the same day, asking: "Okay. Thank you. A written explanation of why I am not being given an 'offer' for next year from someone involved in the decision would be sufficient and appreciated."

25.    Neither Ciji Pittman, nor Margaret Meisinger, nor any agent or representative of Open Sky Education ever responded to the April 16, 2019 email reply from Jackson by any means.

26.    On the morning of April 17, 2019, Jackson telephoned David Karst, Open Sky Education's National Director of Human Resources & Talent Management. Despite having been copied on Ciji Pittman's reply email to Jackson's initial email to Meisinger,

4

{02306372.DOCX;1}

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

Mr. Karst was completely unfamiliar with Jackson's employment records, and represented that he had "no idea" why her employment was not being renewed.

27.  Karst represented that "since it is not our practice, it doesn't mean that we have to do that [provide a written explanation of the reasons for Jackson's termination]."

28.  This was the extent of the explanation provided to Jackson of why she was not provided an offer letter for the 2019-2020 school-year, or why the employment decision was withheld for almost a month.

29.  Open Sky posted Jackson's position as "available" roughly the same day she was notified that she would not receive an offer of employment for the following year, on April 16, 2019.

30.  On its website, Open Sky Education represented that the position of Dean of Students, Gravois Park school, was available, with minimum qualifications for the job including "a bachelor's degree (with master's preferred), and two years of classroom experience."

31.  One week later, Meisinger interviewed Alicia Finley, a Caucasian teacher at Gravois Park, who had three years of classroom experience, and was coming "right out of the classroom," for Jackson's job as Dean of Students in the 2019-2020 school year.

32.  At the conclusion of the 2018-2019 school-year, Jackson learned that Kayla Case, Dean of Students for Eagle Preparatory Schools' Fox Park facility, was subsequently promoted to fill the role of Principal at Gravois Park. Kayla Case's resume was comparable with Jackson's, with the exception that Case had completed one more year of experience as a Dean of Students, counting the 2018-2019 year.

33.  As an African female employee of Eagle Prep, having just completed a brief maternity leave at the conclusion of her pregnancy, Jackson was a member of a protected group.

5

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

34.     Jackson was more than qualified for the position of Dean of Students, as provided by Open Sky Education at the time Jackson learned of Open Sky's declination decision.

35.     Open Sky Education declined to extend Jackson's term of employment to the 2019-2020 school year.

36.     Upon Jackson's information and belief, no other Dean of Students in any Eagle Prep school in the greater St. Louis area had their employment decision withheld beyond March 22, 2019; and no other Dean of Students had their employment decision declined.

37.     Margaret Meisinger, employee of Open Sky Education and Principal of Gravois Park, went on extended maternity leave beginning in July, 2018 and ending in early October, 2018.

38.     Margaret Meisinger's race is Caucasian.

39.     Meisinger was hired as the "Dean of Students" during the first school year when Gravois Park was opened, 2017-2018.

40.     Meisinger became "acting principal" and was subsequently promoted to Principal at Gravois Park shortly after the beginning of the 2017-2018 school-year.

41.     Meisinger assumed the role of "acting principal" immediately after founding principal Aaron Massey was spontaneously fired, two months into the founding school-year.

42.     The founding Principal, Aaron Massey, was African-American.

43.     Prior to assuming the role of Acting Principal, Meisinger had approximately one year of experience as a Dean of Students at another Eagle Prep elementary school.

44.     Jackson was a member of multiple protected groups at the time that she was terminated; Jackson had just given birth, and Jackson was an African American.

45.     Not only was Jackson provided no adverse performance feedback during the entire duration of her employment with Open Sky Education d/b/a Eagle College Preparatory Schools, and the corporate representative who informed her of her termination, Ciji Pittman, represented that she was "mission aligned" even after Jackson was informed her employment would not be continued.

46.     Open Sky Education represented that it would interview applicants for Jackson's job who were less qualified, based on Open Sky's own objective qualifications, than Jackson was at the time that she was terminated by Open Sky Education.

47.     Jackson was discharged by Open Sky under factual circumstances giving rise to an obvious inference of discrimination, namely:

    A.     Notwithstanding that her declination decision was withheld from her almost a month, Jackson was notified her employment would be terminated within five weeks of her return from maternity leave.

    B.     Jackson's maternity leave occurred over a period sixty-seven percent (67%) of the duration of Margaret Meisinger's maternity leave, and Margaret Meisinger was a Caucasian administrator at the same school. On information and belief, Meisinger's further employment was not declined.

    C.     The single reason for her declination decision, provided orally to Jackson by Meisinger on behalf of Ciji Pittman, was a blatant pretext, insofar as it was a patent misrepresentation of Jackson's experience; and Open Sky Education agreed to interview Caucasian employees less experienced than Jackson for the position from which Jackson was terminated, ostensibly due to her inexperience.

    D.     Neither Ciji Pittman, Margaret Meisinger or David Karst provided any further explanation for Jackson's declination decision in writing, after Jackson requested the explanation. After representing that he was not aware of any justification for Jackson's declination, Karst flatly refused to make any further effort to explain Open Sky Education's decision to Jackson.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination based on pregnancy and race, compensatory damages based on pain, suffering and mental

{02306372.DOCX;1}

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

## COUNT II—DISCRIMINATION BECAUSE OF DISPARATE TREATMENT BASED ON PREGNANCY AND RACE

48.   Plaintiff incorporates Paragraphs 1-48 as though fully restated herein.

49.   As Principal and Dean of Students, respectively, both Margaret Meisinger and Tierra Jackson were similarly situated insofar as both of them were subject to the disciplinary authority of the "Endeavor District" (St. Louis Region) Regional Office, and Ciji Pittman, Director of Schools for Open Sky Education.

50.   On Plaintiff's information and belief, every other Dean of Students employed in the "Endeavor District" by Open Sky Education received their employment or declination decisions between March 11 and March 22, 2019.

51.   On Plaintiff's information and belief, Jackson was one of only two administrative or teaching employees of Open Sky Education who had their employment decisions withheld throughout the entire Endeavor District (Tierra Jackson and Valaree Logan); and both of these employees were black, female and currently or recently pregnant.

52.   Due to the cyclical nature of employment in the education industry, the withholding of the decision to decline Jackson's further employment with Open Sky Education directly affected Jackson's ability to obtain further employment; Jackson was compelled to enter the teaching job market a month behind similarly situated employees.

8

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

53.     Open Sky Education's disparate treatment of Jackson was part of an ongoing practice of discrimination against her, namely: obfuscating the proximity of the adverse employment action (termination) and Jackson's return from maternity leave.

54.     Further, during the time period from when Jackson returned from maternity leave until the end of the 2018-2019 school-year, Meisinger repeatedly assigned Jackson to perform the role of a "substitute teacher" as opposed to requesting a substitute from Eagle Prep's substitute teacher service. These duties as a substitute teacher did not relieve Jackson's role as a Dean of Students.

55.     Meisinger also repeatedly assigned Jackson as a "monitor" for the First and Second Grade classrooms, which both already had a full-time teacher and full-time teaching fellow assigned to the classroom.

56.     On information and belief, Jackson was the only member of the Gravois Park administration or support staff to be employed in this redundant capacity. On information and belief, Jackson was the only Dean of Students in the Endeavor School District to be employed in this redundant capacity.

57.     These additional responsibilities were never reflected on any performance evaluation provided to Jackson prior to the declination of her employment at the end of the 2018-2019 school-year.

        WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination based on pregnancy and race, compensatory damages based on pain, suffering and mental anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious

9

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

## COUNT III—RETALIATION BASED ON RESISTANCE TO DISCRIMINATORY ACTIVITY

58.   Plaintiff incorporates Paragraphs 1-57 as though fully restated herein.

59.   Immediately prior to the "Open House" function at the beginning of the 2018-2019 school-year, Jackson encountered Caucasian lead kindergarten teacher Kelly Jakubowski decorating her classroom with wallpaper depicting monkeys and bananas.

60.   The Gravois Park School has a student body with a vast majority of African American students.

61.   Jackson directed Jakubowski to take down the wallpaper. Jackson subsequently reported the incident to the Acting Principal, Tiffany Davis.

62.   Tiffany Davis subsequently reported the incident to Principal Margaret Meisinger when she returned to work in early October, 2018.

63.   On or about October 16, 2018, Jakubowski allegedly struck African American student Zion Fields, during a period of time when Meisinger was "out of the building."

64.   Jakubowski was neither suspended nor investigated for allegedly striking Zion Fields.

65.   In late October, Jakubowski allegedly struck King Franks, an African American student at Gravois Park and the son of Bruce Franks, Jr., the Missouri State Representative. Only after intense pressure from Jackson did Meisinger agree to "hotline" (report to the Missouri Dept. of Social Services Child Abuse and Neglect hotline) Jakubowski's

10

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

unacceptable behavior. At that point, Jakubowski was suspended for several weeks until she later received a "Charges Unsubstantiated" letter.

66.     Jakubowksi received the "Charges Unsubstantiated" letter, on information and belief, because the parents of children who were potential witnesses to the striking did not allow their children to speak to agents of Child Services.

67.     Meisinger assured Jackson that any further incidents involving Jakubowski striking students would result in Jakubowski's termination. On information and belief, at least two other African American teachers witnessed subsequent incidents when Jakubowski struck or forcefully grabbed an African American student. No further disciplinary action was ever taken against Jakubowski.

68.     On or about early January, 2019, immediately prior to Jackson's maternity leave, Jackson became involved in breaking up an altercation between two students at Gravois Park. Teacher Leon Powell restrained one of the two students when the student threatened to strike Jackson during the fight.

69.     Leon Powell was "hotlined" by Meisinger immediately after the incident and reported to Missouri Department of Social Services for potential child abuse. Powell is an African-American.

70.     Barely a month after her return from maternity leave, on April 16, 2018, Jackson was informed her current employment agreement with Open Sky Education, to serve as Gravois Park's Dean ˙of Students, would not be extended because Open Sky was looking for someone who was not "right out of the classroom."

11

{02306372.DOCX;1}

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

71.    Jakubowski's employment agreement was also discontinued; however, on information and belief, Jakubowski was provided notice that her employment would be terminated during the customary period between March 11 and March 22, 2018.

72.    At the conclusion of the 2018-2019 school year, Jackson discovered that her daughter, who had been enrolled in Jakubowski's kindergarten class, brought home a "good behavior" citation from Jakubowski with illustrations of monkeys on it.

73.    No employee of Open Sky Education or Eagle Prep provided Jackson any further explanation of any legitimate business reason for Jackson's termination, and National Human Resources Director David Karst flatly refused to provide an explanation when asked over the telephone, on April 17, 2018.

74.    Jackson's resistance and opposition to the discriminatory practices of the Endeavor School District of Open Sky Education caused Open Sky Education's administration to retaliate by terminating her employment.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination based on pregnancy and race, compensatory damages based on pain, suffering and mental anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

### COUNT IV—RETALIATION BASED ON DISABILITY ACCOMMODATION

75.    Plaintiff incorporates paragraphs 1-74 as though fully restated herein.

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

76.   Jackson was pregnant throughout the entire term of her employment with Open Sky Education, and Open Sky Education was aware that Jackson was pregnant.

77.   Jackson requested maternity leave the day after she went into labor, on January 9, 2019.

78.   Jackson requested the opportunity to pump milk, in private, on certain, brief occasions during the work day in order to accommodate childbirth and taking care of her son.

79.   Meisinger denied Jackson the reasonable accommodation to pump milk for her newborn son during the entire first week that Jackson returned from maternity leave, between March 7, 2019 and March 15, 2019. Meisinger denied Jackson the reasonable accommodation to pump milk on numerous other occasions through the remainder of the 2018-2019 school-year.

80.   On Plaintiff's information and belief, Meisinger undertook to pump milk for her newborn daughter from within her office on multiple occasions during each workday, once Meisinger returned from maternity leave, from October, 2018, through the duration of the school year.

81.   Jackson was denied the opportunity to pump milk for her newborn on numerous other occasions throughout the remainder of the school year.

82.   Jackson's employment agreement was not renewed at the end of the 2018-2019 school year, and Open Sky Education's decision to not renew her agreement was motivated by Jackson's request for reasonable accommodation of maternity leave and pumping milk for her newborn son upon return from maternity leave.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination

13

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

based on pregnancy and race, compensatory damages based on pain, suffering and mental anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

Peter J. Dunne  #31482
Lars T. Knutson   #71332
PITZER SNODGRASS, P.C.
Attorney for Plaintiff
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: knutson@pspclaw.com

{02306372.DOCX;1}

**2022-CC00307**

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri



TIERRA JACKSON
_____
Plaintiff/Petitioner

02/10/2020
_____
Date

vs.

OPEN SKY EDUCATION D/B/A EAGLE COLLEGE
PREPARATORY ELEMENTARY SCHOOLS
_____
Defendant/Respondent

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Peter J. Dunne _____, pursuant
                                       Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
John Hefele          P.O. Box 31321, St. Louis, MO 63131      (314) 966-2850
Name of Process Server         Address                    Telephone

Name of Process Server         Address                    Telephone

Name of Process Server         Address                    Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE: Spenserve - St. Louis, Inc.
_____
Name
   1 North Brentwood Blvd., Suite 1000
_____
Address
   Clayton, MO 63105
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By_____
   Deputy Clerk

_____
Date

_____
Attorney/Plaintiff/Petitioner
 31482
_____
Bar No.
 100 S. 4th Street, Suite 400, St. Louis, MO 63102
_____
Address
 (314) 421-5545
_____
Phone No.

**2022-CC00307**

Electronically Filed - City of St. Louis - February 10, 2020 - 04:08 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri



TIERRA JACKSON
Plaintiff/Petitioner

02/10/2020
Date

vs.

OPEN SKY EDUCATION D/B/A EAGLE COLLEGE
PREPARATORY ELEMENTARY SCHOOLS
Defendant/Respondent

Case number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Peter J. Dunne _____, pursuant
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of
John Hefele              P.O. Box 31321, St. Louis, MO 63131        (314) 966-2850
Name of Process Server          Address                              Telephone

_____
Name of Process Server          Address                              Telephone

_____
Name of Process Server          Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE: Spenserve - St. Louis, Inc.
_____            SERVE: _____
Name                                Name

1 North Brentwood Blvd., Suite 1000
_____            _____
Address                             Address

Clayton, MO 63105
_____            _____
City/State/Zip                      City/State/Zip

SERVE: _____     SERVE: _____

_____            _____
Name                                Name

_____            _____
Address                             Address

_____            _____
City/State/Zip                      City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By_____
   Deputy Clerk

   2-11-20
_____
Date

_____
Attorney/Plaintiff/Petitioner
31482
Bar No.
100 S. 4th Street, Suite 400, St. Louis, MO 63102
Address
(314) 421-5545
Phone No.

**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | **Case Number: 2022-CC00307** | Special Process Server 1<br>J HEFELE |
| Plaintiff/Petitioner:<br>TIERRA JACKSON | Plaintiff's/Petitioner's Attorney/Address<br>PETER JOSEPH DUNNE<br>100 SOUTH FOURTH STREET<br>SUITE 400<br>vs.    SAINT LOUIS, MO  63102 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br> OPEN SKY EDUCATION, INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  OPEN SKY EDUCATION, INC
                          Alias:  DBA EAGLE COLLEGE PREPARATORY ELEMENTARY SCHOOLS

**C/O SPENSERV-ST LOUIS INC**
**1 NORTH BRENTWOOD BLVD**
**SUITE 1000**
**CLAYTON, MO  63105**
*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**February 13, 2020**

_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                    Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| TIERRA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No:  2022-CC00307 |
| vs. | ) | |
| | ) | Division: 1 |
| OPEN SKY EDUCATION D/B/A EAGLE | ) | |
| COLLEGE PREPARATORY | ) | |
| ELEMENTARY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## *PLAINTIFF TIERRA JACKSON'S AMENDED PETITION FOR RACE AND PREGNANCY DISCRIMINATION UNDER THE MISSOURI HUMAN RIGHTS ACT*

COMES NOW Plaintiff Tierra Jackson (hereafter "Jackson") and for her cause of action alleging racial and sex discrimination against Defendant Open Sky Education d/b/a Eagle College Preparatory Schools (hereafter "Defendant"), states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. At all times herein mentioned, Jackson resides in St. Louis County, State of Missouri.

2. At all times herein mentioned, Defendant is a non-profit organization headquartered in Waukesha, Wisconsin.

3. Defendant conducts extensive business in and maintains extensive contacts in the State of Missouri. Defendant maintains and operates four schools in the City of St. Louis.

4. Defendant hired Jackson as a "Dean of Students" at the "Eagle Gravois Park" (hereafter "Gravois Park") school located on 3630 Ohio Avenue, St. Louis, MO 63118 in June, 2018.

{02311685.DOCX;1}

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

5.    Jackson is African-American.

6.    Jackson was pregnant throughout the first half of her term of employment with Open Sky, and gave birth to her baby son on January 9, 2019.

7.    Jackson went on maternity leave between January 9, 2019 and March 6, 2019; and Jackson returned to work at Gravois Park on March 7, 2019.

8.    Jackson timely filed her first Charge of Discrimination based on race and pregnancy discrimination on July 3, 2019. Jackson's first Charge of Discrimination is incorporated herein. See Plaintiff's Exhibit 1.

9.    Jackson timely filed an Amended Charge of Discrimination on September 16, 2019. Jackson's Amended Charge of Discrimination is incorporated herein. See Plaintiff's Exhibit 2.

10.   Jackson received a letter of "Notice of Right to Sue" from the Missouri Commission on Human Rights on January 13, 2020. Jackson has exhausted her administrative remedies and has standing to sue. See Plaintiff's Exhibit 3.

## COUNT I—DISCRIMINATION BASED ON PREGNANCY AND RACE

11.   Jackson incorporates Paragraphs 1-10 as though fully restated herein.

12.   At the time Jackson returned to work, Jackson was accredited with a Master's Degree in Education; Jackson had four years of experience teaching in the classroom, an additional years' experience as a special school district paraprofessional (or "behavioral specialist") and experience as a "grade-level chair," and as head of a "professional learning committee."

2

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

13. At no point during the entire term of her employment with Open Sky Education, did Jackson receive any negative performance evaluation of any kind from any administration member of Eagle Prep, in writing or otherwise.

14. The primary education system is a cyclical employment industry; Open Sky Education maintains an informal policy of issuing "offer letters" (offers of continued employment the following year) and declination of employment decisions to current employees during the two-week period of time immediately prior to the "Spring Break" vacation period.

15. During the 2018-2019 school-year at Gravois Park, this period fell between March 11-22, 2019.

16. Jackson did not receive an "offer letter" or "declination" decision during that timeframe.

17. Upon information and belief, every other teacher and administrative personnel at Gravois Park received an "offer letter" or "declination decision" during the period of school days between March 11 and March 22, 2019.

18. Jackson was not provided an explanation for why she did not receive an offer or declination of employment during the standard timeframe.

19. When Jackson approached the Gravois Park Principal, Margaret Meisinger, on March 22, 2019, to ask for an explanation, Meisinger indicated that "we'll talk about it after Spring Break." Jackson then approached Meisinger for an explanation a second time, on March 25, 2019, but Meisinger would not provide an explanation for why Jackson had not been provided an employment decision.

20. On April 16, 2019, the Tuesday immediately after the "Spring Break" vacation, Meisinger presented Jackson with written "notes" which Meisinger represented were issued by Ciji Pittman, the Open Sky Education Director of Schools, explaining that

3

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

Jackson's employment would not be extended for another school year because Open Sky was looking for someone to serve as Dean of Students who was not "just out of the classroom."

21.    At the time of April 16, 2019, Jackson had completed almost a full school year serving as the Dean of Students for Gravois Park; this is considered an administrative position in the Open Sky Education hierarchy.

22.    The same day, Jackson wrote an email to Meisinger asking for a written explanation of why Jackson had not been "given a contract for next year."

23.    Meisinger forwarded Jackson's email correspondence to Ciji Pittman. Pittman "clarified" that "We are not terminating you. We believe you are mission aligned with EAGLE and appreciate your commitment to the families and students of Gravois Park this year...generally we do not provide contracts to employees." Pittman further indicated she was "including our [Eagle Prep's] HR team on the email so that they can provide further support."

24.    Jackson replied, the same day, asking: "Okay. Thank you. A written explanation of why I am not being given an 'offer' for next year from someone involved in the decision would be sufficient and appreciated."

25.    Neither Ciji Pittman, nor Margaret Meisinger, nor any agent or representative of Open Sky Education ever responded to the April 16, 2019 email reply from Jackson by any means.

26.    On the morning of April 17, 2019, Jackson telephoned David Karst, Open Sky Education's National Director of Human Resources & Talent Management. Despite having been copied on Ciji Pittman's reply email to Jackson's initial email to Meisinger,

4

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

Mr. Karst was completely unfamiliar with Jackson's employment records, and represented that he had "no idea" why her employment was not being renewed.

27.    Karst represented that "since it is not our practice, it doesn't mean that we have to do that [provide a written explanation of the reasons for Jackson's termination]."

28.    This was the extent of the explanation provided to Jackson of why she was not provided an offer letter for the 2019-2020 school-year, or why the employment decision was withheld for almost a month.

29.    Open Sky posted Jackson's position as "available" roughly the same day she was notified that she would not receive an offer of employment for the following year, on April 16, 2019.

30.    On its website, Open Sky Education represented that the position of Dean of Students, Gravois Park school, was available, with minimum qualifications for the job including "a bachelor's degree (with master's preferred), and two years of classroom experience."

31.    One week later, Meisinger interviewed Alicia Finley, a Caucasian teacher at Gravois Park, who had three years of classroom experience, and was coming "right out of the classroom," for Jackson's job as Dean of Students in the 2019-2020 school year.

32.    At the conclusion of the 2018-2019 school-year, Jackson learned that Kayla Case, Dean of Students for Eagle Preparatory Schools' Fox Park facility, was subsequently promoted to fill the role of Principal at Gravois Park. Kayla Case's resume was comparable with Jackson's, with the exception that Case had completed one more year of experience as a Dean of Students, counting the 2018-2019 year.

33.    As an African female employee of Eagle Prep, having just completed a brief maternity leave at the conclusion of her pregnancy, Jackson was a member of a protected group.

5

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

34.   Jackson was more than qualified for the position of Dean of Students, as provided by Open Sky Education at the time Jackson learned of Open Sky's declination decision.

35.   Open Sky Education declined to extend Jackson's term of employment to the 2019-2020 school year.

36.   Upon Jackson's information and belief, no other Dean of Students in any Eagle Prep school in the greater St. Louis area had their employment decision withheld beyond March 22, 2019; and no other Dean of Students had their employment decision declined.

37.   Margaret Meisinger, employee of Open Sky Education and Principal of Gravois Park, went on extended maternity leave beginning in July, 2018 and ending in early October, 2018.

38.   Margaret Meisinger's race is Caucasian.

39.   Meisinger was hired as the "Dean of Students" during the first school year when Gravois Park was opened, 2017-2018.

40.   Meisinger became "acting principal" and was subsequently promoted to Principal at Gravois Park shortly after the beginning of the 2017-2018 school-year.

41.   Meisinger assumed the role of "acting principal" immediately after founding principal Aaron Massey was spontaneously fired, two months into the founding school-year.

42.   The founding Principal, Aaron Massey, was African-American.

43.   Prior to assuming the role of Acting Principal, Meisinger had approximately one year of experience as a Dean of Students at another Eagle Prep elementary school.

44.   Jackson was a member of multiple protected groups at the time that she was terminated; Jackson had just given birth, and Jackson was an African American.

{02311685.DOCX;1}

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

45. Not only was Jackson provided no adverse performance feedback during the entire duration of her employment with Open Sky Education d/b/a Eagle College Preparatory Schools, and the corporate representative who informed her of her termination, Ciji Pittman, represented that she was "mission aligned" even after Jackson was informed her employment would not be continued.

46. Open Sky Education represented that it would interview applicants for Jackson's job who were less qualified, based on Open Sky's own objective qualifications, than Jackson was at the time that she was terminated by Open Sky Education.

47. Jackson was discharged by Open Sky under factual circumstances giving rise to an obvious inference of discrimination, namely:

    A.    Notwithstanding that her declination decision was withheld from her almost a month, Jackson was notified her employment would be terminated within five weeks of her return from maternity leave.

    B.    Jackson's maternity leave occurred over a period sixty-seven percent (67%) of the duration of Margaret Meisinger's maternity leave, and Margaret Meisinger was a Caucasian administrator at the same school. On information and belief, Meisinger's further employment was not declined.

    C.    The single reason for her declination decision, provided orally to Jackson by Meisinger on behalf of Ciji Pittman, was a blatant pretext, insofar as it was a patent misrepresentation of Jackson's experience; and Open Sky Education agreed to interview Caucasian employees less experienced than Jackson for the position from which Jackson was terminated, ostensibly due to her inexperience.

    D.    Neither Ciji Pittman, Margaret Meisinger or David Karst provided any further explanation for Jackson's declination decision in writing, after Jackson requested the explanation. After representing that he was not aware of any justification for Jackson's declination, Karst flatly refused to make any further effort to explain Open Sky Education's decision to Jackson.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination based on pregnancy and race, compensatory damages based on pain, suffering and mental

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

## COUNT II—DISCRIMINATION BECAUSE OF DISPARATE TREATMENT BASED ON PREGNANCY AND RACE

48.   Plaintiff incorporates Paragraphs 1-48 as though fully restated herein.

49.   As Principal and Dean of Students, respectively, both Margaret Meisinger and Tierra Jackson were similarly situated insofar as both of them were subject to the disciplinary authority of the "Endeavor District" (St. Louis Region) Regional Office, and Ciji Pittman, Director of Schools for Open Sky Education.

50.   On Plaintiff's information and belief, every other Dean of Students employed in the "Endeavor District" by Open Sky Education received their employment or declination decisions between March 11 and March 22, 2019.

51.   On Plaintiff's information and belief, Jackson was one of only two administrative or teaching employees of Open Sky Education who had their employment decisions withheld throughout the entire Endeavor District (Tierra Jackson and Valaree Logan); and both of these employees were black, female and currently or recently pregnant.

52.   Due to the cyclical nature of employment in the education industry, the withholding of the decision to decline Jackson's further employment with Open Sky Education directly affected Jackson's ability to obtain further employment; Jackson was compelled to enter the teaching job market a month behind similarly situated employees.

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

53.   Open Sky Education's disparate treatment of Jackson was part of an ongoing practice of discrimination against her, namely: obfuscating the proximity of the adverse employment action (termination) and Jackson's return from maternity leave.

54.   Further, during the time period from when Jackson returned from maternity leave until the end of the 2018-2019 school-year, Meisinger repeatedly assigned Jackson to perform the role of a "substitute teacher" as opposed to requesting a substitute from Eagle Prep's substitute teacher service. These duties as a substitute teacher did not relieve Jackson's role as a Dean of Students.

55.   Meisinger also repeatedly assigned Jackson as a "monitor" for the First and Second Grade classrooms, which both already had a full-time teacher and full-time teaching fellow assigned to the classroom.

56.   On information and belief, Jackson was the only member of the Gravois Park administration or support staff to be employed in this redundant capacity. On information and belief, Jackson was the only Dean of Students in the Endeavor School District to be employed in this redundant capacity.

57.   These additional responsibilities were never reflected on any performance evaluation provided to Jackson prior to the declination of her employment at the end of the 2018-2019 school-year.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination based on pregnancy and race, compensatory damages based on pain, suffering and mental anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious

{02311685.DOCX;1}

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

## COUNT III—RETALIATION BASED ON RESISTANCE TO DISCRIMINATORY ACTIVITY

58.   Plaintiff incorporates Paragraphs 1-57 as though fully restated herein.

59.   Immediately prior to the "Open House" function at the beginning of the 2018-2019 school-year, Jackson encountered Caucasian lead kindergarten teacher Kelly Jakubowski decorating her classroom with wallpaper depicting monkeys and bananas.

60.   The Gravois Park School has a student body with a vast majority of African American students.

61.   Jackson directed Jakubowski to take down the wallpaper. Jackson subsequently reported the incident to the Acting Principal, Tiffany Davis.

62.   Tiffany Davis subsequently reported the incident to Principal Margaret Meisinger when she returned to work in early October, 2018.

63.   On or about October 16, 2018, Jakubowski allegedly struck African American student Zion Fields, during a period of time when Meisinger was "out of the building."

64.   Jakubowski was neither suspended nor investigated for allegedly striking Zion Fields.

65.   In late October, Jakubowski allegedly struck King Franks, an African American student at Gravois Park and the son of Bruce Franks, Jr., the Missouri State Representative. Only after intense pressure from Jackson did Meisinger agree to "hotline" (report to the Missouri Dept. of Social Services Child Abuse and Neglect hotline) Jakubowski's

{02311685.DOCX;1}

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

unacceptable behavior. At that point, Jakubowski was suspended for several weeks until she later received a "Charges Unsubstantiated" letter.

66.   Jakubowksi received the "Charges Unsubstantiated" letter, on information and belief, because the parents of children who were potential witnesses to the striking did not allow their children to speak to agents of Child Services.

67.   Meisinger assured Jackson that any further incidents involving Jakubowski striking students would result in Jakubowski's termination. On information and belief, at least two other African American teachers witnessed subsequent incidents when Jakubowski struck or forcefully grabbed an African American student. No further disciplinary action was ever taken against Jakubowski.

68.   On or about early January, 2019, immediately prior to Jackson's maternity leave, Jackson became involved in breaking up an altercation between two students at Gravois Park. Teacher Leon Powell restrained one of the two students when the student threatened to strike Jackson during the fight.

69.   Leon Powell was "hotlined" by Meisinger immediately after the incident and reported to Missouri Department of Social Services for potential child abuse. Powell is an African-American.

70.   Barely a month after her return from maternity leave, on April 16, 2018, Jackson was informed her current employment agreement with Open Sky Education, to serve as Gravois Park's Dean of Students, would not be extended because Open Sky was looking for someone who was not "right out of the classroom."

11

71.  Jakubowski's employment agreement was also discontinued; however, on information and belief, Jakubowski was provided notice that her employment would be terminated during the customary period between March 11 and March 22, 2018.

72.  At the conclusion of the 2018-2019 school year, Jackson discovered that her daughter, who had been enrolled in Jakubowski's kindergarten class, brought home a "good behavior" citation from Jakubowski with illustrations of monkeys on it.

73.  No employee of Open Sky Education or Eagle Prep provided Jackson any further explanation of any legitimate business reason for Jackson's termination, and National Human Resources Director David Karst flatly refused to provide an explanation when asked over the telephone, on April 17, 2018.

74.  Jackson's resistance and opposition to the discriminatory practices of the Endeavor School District of Open Sky Education caused Open Sky Education's administration to retaliate by terminating her employment.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination based on pregnancy and race, compensatory damages based on pain, suffering and mental anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

## COUNT IV—RETALIATION BASED ON DISABILITY ACCOMMODATION

75.  Plaintiff incorporates paragraphs 1-74 as though fully restated herein.

12

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

76. Jackson was pregnant throughout the entire term of her employment with Open Sky Education, and Open Sky Education was aware that Jackson was pregnant.

77. Jackson requested maternity leave the day after she went into labor, on January 9, 2019.

78. Jackson requested the opportunity to pump milk, in private, on certain, brief occasions during the work day in order to accommodate childbirth and taking care of her son.

79. Meisinger denied Jackson the reasonable accommodation to pump milk for her newborn son during the entire first week that Jackson returned from maternity leave, between March 7, 2019 and March 15, 2019. Meisinger denied Jackson the reasonable accommodation to pump milk on numerous other occasions through the remainder of the 2018-2019 school-year.

80. On Plaintiff's information and belief, Meisinger undertook to pump milk for her newborn daughter from within her office on multiple occasions during each workday, once Meisinger returned from maternity leave, from October, 2018, through the duration of the school year.

81. Jackson was denied the opportunity to pump milk for her newborn on numerous other occasions throughout the remainder of the school year.

82. Jackson's employment agreement was not renewed at the end of the 2018-2019 school year, and Open Sky Education's decision to not renew her agreement was motivated by Jackson's request for reasonable accommodation of maternity leave and pumping milk for her newborn son upon return from maternity leave.

WHEREFORE, Plaintiff Tierra Jackson prays that this Court make and enter its Order and Judgment in Plaintiff's favor and against Defendant Open Sky Education d/b/a as Eagle College Preparatory Schools for lost wages Plaintiff has lost due to Defendant's discrimination

13

{02311685.DOCX;1}

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

based on pregnancy and race, compensatory damages based on pain, suffering and mental anguish Plaintiff has suffered, and punitive damages based on Defendant's wanton and malicious discrimination against Plaintiff; and further moves this Court to award Plaintiff's reasonable attorney's fees and costs pre-suit, with pre- and post-judgment interest at the highest lawful rate, together with any and all such further relief as this Court deems just and proper.

/s/ Peter J. Dunne

Peter J. Dunne   #31482
Lars T. Knutson   #71332
PITZER SNODGRASS, P.C.
Attorney for Plaintiff
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: knutson@pspclaw.com

{02311685.DOCX;1}

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri



TIERRA JACKSON
_____
Plaintiff/Petitioner

vs.

OPEN SKY EDUCATION D/B/A EAGLE COLLEGE
PREPARATORY ELEMENTARY SCHOOLS
_____
Defendant/Respondent

For File Stamp Only

03/04/2020 _____
Date

_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Peter J. Dunne                                    , pursuant
_____
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

John Hefele                          P.O. Box 31321, St. Louis, MO 63131          (314) 966-2850
Name of Process Server          Address                                    Telephone

_____
Name of Process Server          Address                                    Telephone

_____
Name of Process Server          Address                                    Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:  Spenserve - St. Louis, Inc.          SERVE:
_____          _____
Name                                      Name
    1 North Brentwood Blvd., Suite 1000
_____          _____
Address                                   Address
    Clayton, MO 63105
_____          _____
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:
_____          _____
Name                                      Name

_____          _____
Address                                   Address

_____          _____
City/State/Zip                            City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

_____
Attorney/Plaintiff/Petitioner
 31482
_____
Bar No.
 100 S. 4th Street, Suite 400, St. Louis, MO 63102
_____
Address
 (314) 421-5545
_____
Phone No.

By_____
    Deputy Clerk

_____
Date

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA E- | |
| [X] EEOC | |

## Missouri Commission On Human Rights

*State or local Agency, if any* and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Tierra Jackson | 314-323-6480 | 01/08/1990 |

| Street Address | City, State and ZIP Code | County |
|---|---|---|
| 10812 Old Halls Ferry Rd. | St. Louis, MO 63136 | St. Louis |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Open Sky Education | 15+ | 314-664-7627 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3630 Ohio Ave. | St. Louis, MO 63118 | |

DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [X] OTHER (Specify below.)

**Pregnancy**

04/15/2019

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My employment agreement wasn't extended for next school year, with no negative performance feedback, directly after my maternity leave. During this school year, I witnessed multiple racial instances and I was on maternity leave 4 weeks shorter than my white colleague, who is still employed.

I believe I was terminated due to my pregnancy.

1. I was told Open Sky wanted someone who was not "right out of the classroom"
2. I was not given an extension directly after returning from maternity leave

I believe I was treated differently because of my race, black.

1. My white colleague was allowed to pump milk, while I was denied.
2. My white colleague was not terminated from her position upon returning from maternity leave
3. There were multiple occasions and accusations of "cliques" of the employees, divided by race.

As remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 7/3/19   Date    x *[signature]*   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## EXHIBIT

1

exhibitsticker.com

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.
Amended

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| X FEPA E- | |
| X EEOC | |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Tierra Jackson** | **314-323-6480** | **01/08/1990** |

| Street Address | City, State and ZIP Code | County |
|---|---|---|
| **10812 Old Halls Ferry Rd.** | **St. Louis, MO 63136** | **St. Louis** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Open Sky Education** | **15+** | **314-684-7627** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **3630 Ohio Ave.** | **St. Louis, MO 63118** | |

| DISCRIMINATION BASED ON (Check appropriate box (es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| X RACE ☐ COLOR X SEX ☐ RELIGION ☐ NATIONAL ORIGIN | **04/15/2019** |
| X RETALIATION ☐ AGE ☐ DISABILITY X OTHER (Specify below.) **Pregnancy** | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**See Attached**

**As remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 9/16/19  Date    x _(signature)_  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**EXHIBIT**

**2**

exhibitsticker.com

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

### *Tierra Jackson 2d Charge of Discrimination Draft*

1. I was discriminated against both based on my sex (pregnancy) and based on my race (African American).
   a. I was more than qualified for my position based on the job posting submitted by Open Sky Education after declining my further employment.
   b. I was discharged from further employment by Open Sky Education effective at the end of the 2018-2019 school year.
   c. I was discharged under circumstances giving rise to a strong inference of discrimination: namely, the ground offered for a "legitimate business reason" to discharge me was a pretext, as I was not "just out of the classroom" and no further explanation was provided to me, in writing, regarding the reason or reasons for my termination, even upon demand. Further, agents of Open Sky interviewed Caucasian employees immediately after declining my employment, for my position, who were less qualified than I was at the time my employment was declined. Finally, a senior corporate executive of Open Sky Education lobbied an experienced African American teacher who had not exhibited an interest in applying for my position, and personally interviewed that teacher only a week and a half after my demand for an explanation of my declined employment in writing, after at least one interview had been conducted with a Caucasian applicant by the Principal, Margaret Meisinger.

2. I was discriminated against based on disparate treatment as compared to a white employee similarly situated in the Gravois Park school administration, due to my race, black.
   a. While Margaret Meisinger was my immediate superior, we were similarly situated insofar as we both would have been disciplined through the Endeavor District (St. Louis region) Regional Office or through agents of Open Sky Education (e.g. Ciji Pittman).
   b. Similarly, Margaret Meisinger, every other Dean of Students, and all the teachers and most of the support staff at Gravois Park received their 'offer letters' or declination letters during the time period between March 11 and March 22, 2019.
   c. Kelly Jakubowki, whose discriminatory action in applying an extremely racially charged wallpaper I opposed, and reported to Open Sky employees installed in positions of authority at Gravois Park, was discharged in the same timeframe as every other employee between March 11 and March 22, 2019.
   d. Meisinger denied me any reasonable accommodation to pump milk for my newborn son despite having taken time to pump milk herself after her return from maternity leave for a calendar week, with further periodic denials of the opportunity to pump throughout the remainder of the year.
   e. I was the only administration member or teacher at any of the five schools in Eagle College Prep's St. Louis Region that I am aware of who had my employment decision delayed by over a calendar month, without explanation.
   f. Because of the cyclical nature of the education employment cycle, this delay of the decision to re-hire or terminate my further employment effected an interference with my ability to obtain employment, as I entered the job search a month behind other similarly situated education professionals.
   g. I was used as a de facto "extra substitute teacher" in order to cut down on the school's expenses for the use of substitute teachers, even though employing me in this capacity conflicted with my responsibilities as a Dean of Students. I was further used to "monitor" the First and Second Grade classes on multiple occasions after I returned from maternity leave, even though both of these classes had two Gravois Park teachers, fellows or teachers' assistants monitoring the classrooms. To the best of my knowledge, neither Meisinger nor any other Administration or Support staff was employed in this redundant capacity.

3. I was discriminated against based on my opposition to and resistance to discriminatory actions (retaliation) by employees at Gravois Park.
   a. Once I was demoted from the role of "Acting Principal" at Gravois Park, I reported the racist wallpaper incident with Kelly Jakubowski, Gravois Park School's kindergarten teacher to Tiffany Davis, the "Acting Principal."

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

     b. No action was taken by Tiffany Davis or Margaret Meisinger to investigate the discrimination by the kindergarten teacher, or admonish the kindergarten teacher, Kelly Jakubowski, regarding the racially charged wallpaper she decorated her classroom with, for an almost all African-American kindergarten class, which included my daughter, Jakari Jackson.

     c. I removed Kelly Jakubowski from the classroom on two separate occasions based on accusations that she struck or forcefully grabbed a kindergarten student and I reported the conduct to Margaret Meisinger. Jakubowski was suspended and an investigation initiated into her conduct only after the second instance of her striking a child in the same month.

     d. I was subsequently terminated—or my employment was not renewed—a month after my return from maternity leave, and my termination was motivated in part by my resistance to the discriminatory and enabling actions of Caucasian employees at Gravois Park.

     e. While Eagle College Preparatory Schools did not retain Kelly Jakubowski, no agent of Eagle College Prep withheld her employment declination decision for any period of time, as my employment decision was withheld.

     f. Upon information and belief, Kelly Jakubowski continued to exhibit racist conduct through the end of the 2018-2019 school year. Specifically, I have maintained a copy of a "good behavior citation" presented to my daughter, Jakari Jackson, between April and May, 2019, prior to the end of the school year, which displays monkeys on the citation.

4. I was discriminated against based on my request for reasonable accommodations during and immediately after the birth of my son.

     a. I was pregnant throughout the term of my employment up to and including January 9, 2019. My superiors were aware that I was pregnant during that time.

     b. I requested maternity leave on or immediately after the day I went into labor, January 9, 2019, as an accommodation for childbirth and recovery from childbirth.

     c. I requested the ability to pump milk, in private, on certain, brief occasions during the work day in order to accommodate childbirth and taking care of my son.

     d. I was terminated—or my employment was not renewed—a month after my return from maternity leave, and my termination was motivated in part by my request for a reasonable accommodation of maternity leave and pumping milk for my newborn son upon return from maternity leave.

I was hired by Open Sky Education, d/b/a Eagle College Preparatory Schools, in St. Louis, Missouri, on or about June, 2018, as Dean of Students at the Gravois Park school. I am an African American female, and I was pregnant through the entire first half of my employment term with Open Sky.

Matt Hoener, the Executive Director, St. Louis region, named me as "Acting Principal" at the time of the "Open House" function for the 2018-2019 school year, because the current Principal, Margaret Meisinger, had gone on maternity leave between July 16, 2018 and mid-October, 2018.

Immediately prior to the school's "Open House" function in early August, 2018, I discovered that Kelly Jakubowski, the school's Caucasian kindergarten teacher, had hung up a wallpaper all around her classroom depicting monkeys and bananas. The Gravois Park School is located in a predominately African American part of South City, and the vast majority of Jakubowski's students were of African American descent. I told her to take down the wallpaper immediately. She complied, but exhibited an attitude as though she did not understand the racist connotation of the wallpaper.

Less than a week after the Open House function, Matt Hoener assigned Tiffany Davis, Director of Curriculum and Instruction (Eagle College Prep Endeavor District/St. Louis) as acting principal and she superseded me in that capacity. It was not explained to me why this was done, nor did I think anything of it at the time. I reported the incident involving the wallpaper with the monkeys and bananas to Tiffany Davis as soon as she took over.

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

Margaret Meisinger returned to work at Gravois Park as Principal in the first week of October, 2018. I reported the incident involving the monkeys and bananas on the wallpaper to Meisinger orally. I am not aware of any subsequent counseling, reprimand or any other action taken against Jakubowski regarding that incident.

On October 16, 2018, Jakubowski struck Zion Fields, an African American student at Gravois Park. I sent Jakubowski home the day the incident occurred. While Meisinger had returned to work by this point, she was "out of the building" when the incident occurred and may or may not have confronted Jakubowski directly regarding the incident. It is clear, though, that Jakubowski was neither suspended nor investigated for striking the student Zion Fields.

Jakubowski struck a second student, King Franks in late October, 2018. King Franks was another African American student at Gravois Park—and the son of Missouri State Representative Bruce Franks, Jr. Meisinger agreed to "hotline" Jakubowski to the Missouri Dept. of Social Services Child Abuse and Neglect hotline number only after strong pressure from me to do something about Jakubowski's unacceptable behavior. At that point, Jakubowski was suspended for several weeks until she later received a "Charges Unsubstantiated" letter. I believe the parents of children who were potential witnesses to the striking of the child refused to allow their children to speak to agents of Child Services. At that point, Meisinger assured me that any further incidents involving Jakubowski striking students would result in her termination. At least two African American teachers at Gravois Park witnessed subsequent incidents during which Jakubowski struck or forcefully grabbed an African American student. But no further disciplinary action was undertaken against Jakubowski. Bruce Franks, Jr. subsequently transferred his son King Franks to another elementary school based on his son's treatment by Jakubowski.

Due to my imminent delivery of my baby boy, I requested an accommodation of unpaid leave for childbirth and I went on maternity leave on January 9, 2019. I returned to work on March 7, 2019. I further requested, during my first week back at work, on March 7, 2019, the accommodation of "pumping milk" for my newborn. This was denied for my entire first week back at work, from roughly March 7 to March 15, 2019. The accommodation to pump milk was further curtailed, at least partially, by Meisinger through the remainder of the school year on the grounds that there was no time, even though I was aware that Meisinger had devoted time to pumping in her office after returning from maternity leave.

Open Sky Education has a formal or informal policy, in keeping with the cyclical nature of educational employment, of issuing offer letters or declination letters during the weeks immediately prior to the "Spring Break" vacation period. This would have been the weeks of March 11, 2019 and March 18, 2019 during the school year of 2018-2019. This period fell during the two weeks immediately after I got back to work from maternity leave. Almost every single other personnel I am aware of, including both teachers and administration staff at Gravois Park, was issued an offer of renewed employment or a declination letter during the period between March 11 and March 22, 2019. Jakubowski, who was not retained, received a declination letter during that time. I was provided neither an offer letter nor a declination at that time. I was not provided any explanation for the delay in my employment decision. When I asked Meisinger why I had not received a decision, she said "We'll talk about it after Spring Break."

During the same time period immediately after I returned from maternity leave, I was repeatedly assigned by Margaret Meisinger in the capacity of a "substitute teacher"—as opposed to requesting a substitute from our substitute teacher service. I would conduct substitute teachers' duties in addition to my duties as Dean of Students, Gravois Park. However, I would also be repeatedly assigned as a separate "monitor" for the First and Second Grade classrooms, which on most occasions had both a full-time teacher and a "teaching fellow" already assigned. These straightforwardly redundant assignments would often directly conflict with my responsibilities as a Dean of Students. I was the only member of the Gravois Park Administration or Support staff, to the best of my knowledge, to be employed in this redundant capacity. While I assumed that I was assigned to monitor these classrooms based on Meisinger's limited confidence in the faculty's competence, to the best of my knowledge, the brand-new Second Grade teacher I was often assigned to monitor (hired in the middle of the school year) was offered an extension of her employment agreement at some point before the end of the school year.

On or about March 25, 2019, directly before Spring Break, I again asked Meisinger why I had not received an employment decision. She provided me no explanation at that time.

On April 16, 2019, the Tuesday after the Spring Break vacation, Margaret Meisinger presented me written "notes" purportedly issued by Ciji Pittman, Open Sky Education's Director of Schools, that my employment would not be renewed because Open Sky was looking for someone "not just out of the classroom"—even though I had just served the past year as a Dean of

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

Students, an administrative role. I presented a demand in writing, via email, to Margaret Meisinger that afternoon to please explain, in writing, why I had not been "given a contract for next year."

Meisinger forwarded my email to Ciji Pittman, who indicated she was "including our HR team on the email so that they can provide further support." She further "clarif[ied]" two things: 1) "We are not terminating you. We believe you are mission aligned with EAGLE and appreciate your commitment to the families and students of Gravois Park this year." 2) "[G]enerally we do not provide contracts to employees." I replied within fourteen minutes asking "Okay. Thank you. A written explanation of why I am not being given an 'offer' for next year from someone involved in the decision would be sufficient and appreciated. A printout of the emails between me, Meisinger and Pittman is attached for reference. I have, to date, received no written explanation of the declination of my employment from any Open Sky or Eagle College Prep employee.

Open Sky posted my position as "available" on its website roughly the same day I was notified I would not be rehired, on or about April 16, 2019. The job posting indicated that the minimum qualifications for my job included a bachelor's degree (with master's preferred), and two years of classroom experience. A printout of the job posting is attached for reference. At the time my further employment was declined, I had a Master's Degree, four years of classroom experience, an additional year's experience as a special school district paraprofessional ("behavioral specialist") as well as experience as a grade-level chair and head of a "professional learning committee." I have to date received no negative performance evaluation of any kind from any administration member of Eagle College Prep, presented to me in writing or otherwise. I subsequently learned that no other Dean of Students at any other Eagle College Prep School in the St. Louis Region was not issued an offer letter this past school year.

I telephoned David Karst, Open Sky Education's National Director of Human Resources & Talent Management the following morning, per Ciji Pittman's direction. I recorded this conversation via cellphone. Karst was completely unfamiliar with my employment records, and had no idea why my employment had not been renewed. He asked at one point if I had "just graduated" (the implication being that I had been hired as the Dean of Students for Gravois Park straight out of college). Karst went on to assert that "since it is not our practice, it doesn't mean that we have to do that [provide a written explanation of the reasons for my termination]." This has been, to date, the extent of the explanation provided from anyone at Open Sky Education for the declination of my employment after the 2018-2019 school year.

One week later, Alicia Finely, a Caucasian who was a teacher at Gravois Park with three years' classroom experience and "right out of the classroom"—was interviewed by Margaret Meisinger for my position on April 22, 2019. On May 6, 2019, I discovered that Tesha Weathersby, an African American teacher with more than ten years' experience who had not served in an administrative position, had interviewed for my job after she was personally called and encouraged to apply for my position on or about April 26, 2019, almost two weeks after the initial job opening had been posted online. To my knowledge, every single other candidate was interviewed by the Principal, Margaret Meisinger.

After Margaret Meisinger's resignation, effective at the end of the 2018-2019 school year, I learned that Kayla Case, Dean of Students at Fox Park, was subsequently promoted to fulfill the role of Principal at Gravois Park, and Tesha Weathersby became Dean of Students at Gravois Park. Kayla Case has a resume comparable to mine, with the exception that she had served one more year as a Dean of Students, counting the 2018-2019 school year. Kayla Case is also Caucasian.

After the completion of the academic school year, 2018-2019, I also discovered in my daughter Jakari's school materials a copy of a "good behavior citation" presented to her sometime between April and May, 2019. The "good behavior citation" had inscriptions of monkeys on it.

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 9/16/19<br><br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

Signed:

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | Martha Staggs | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Tierra Jackson
10812 Old Halls Ferry Road
Saint Louis, MO 63136

## NOTICE OF RIGHT TO SUE

RE:    Tierra Jackson vs. OPEN SKY EDUCATION, INC.
       E-07/19-51195  28E-2019-01279C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

January 13, 2020
Date

EXHIBIT

3

C:    additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:     Tierra Jackson vs. OPEN SKY EDUCATION, INC.
E-07/19-51195  28E-2019-01279C

Electronically Filed - City of St. Louis - March 04, 2020 - 03:12 PM

David Karst, National Director of Human Resources & Talent Management
OPEN SKY EDUCATION, INC.
20935 W. Swenson Drive, Suite 101
Waukesha, WI 53186

Lars T. Knutson
ATTORNEY AT LAW
100 S. Fourth Street, Suite 400
Saint Louis, MO 63102