**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TIERRA JACKSON, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>OPEN SKY EDUCATION D/B/A EAGLE )<br>COLLEGE PREPARATORY )<br>ELEMENTARY SCHOOLS, )<br>)<br>   Defendant. ) | No. 4:20-CV-470 RLW |

**MEMORANDUM AND ORDER OF REMAND**

This removed diversity matter is before the Court on Plaintiff Tierra Jackson's Motion for Leave to Amend First Amended Complaint (ECF No. 18), and Motion to Remand to State Court (ECF No. 12). Defendant Open Sky Education, Inc., sued as Open Sky Education d/b/a Eagle College Preparatory Elementary Schools ("Open Sky"), opposes both Motions and they are fully briefed. For the following reasons, the Court will grant Plaintiff's Motions to amend her complaint and to remand the case to state court.

**I.     Background**

Plaintiff Tierra Jackson filed this action against Defendant Open Sky on February 10, 2020, in the Circuit Court of the City of St. Louis, Missouri. Plaintiff's Petition (ECF No. 6) and Amended Petition (ECF No. 7) asserted claims under the Missouri Human Rights Act, §§ 213.010, et seq. (2017 Supp.) ("MHRA"). The Petitions allege Open Sky hired Plaintiff in June 2018 as Dean of Students at the Eagle Gravois Park school located at 3630 Ohio Avenue, St. Louis, Missouri 63118, but discriminated against her based on her pregnancy and race and in retaliation for her resistance to discriminatory activity.

Open Sky timely removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Open Sky filed its Answer and Affirmative Defenses (ECF No. 9).  Both Open Sky's Notice of Removal (ECF No. 1) and its Answer and Affirmative Defenses stated it was improperly named as "Open Sky Education d/b/a Eagle College Preparatory Elementary Schools" and that its name is Open Sky Education, Inc.

Plaintiff seeks leave of Court to file her Second Amended Complaint naming Open Sky Education, Inc. and Eagle College Prep Endeavor, Inc. ("Eagle") as Defendants.  (ECF No. 18.) Plaintiff's proposed Second Amended Complaint alleges that she "resides in St. Louis County, State of Missouri," and Open Sky is a "non-profit organization headquartered in Waukesha, Wisconsin" and is the sole owner of Eagle. (Doc. 18-1, ¶¶ 1-2, 4.)  Plaintiff alleges that Eagle is a "non-profit organization headquartered in St. Louis, Missouri." Id. ¶ 3.)  Plaintiff alleges that both Defendants hired her in June 2018 as Dean of Students at the Eagle Gravois Park school located at 3630 Ohio Avenue, St. Louis, Missouri 63118, and later discriminated against her based on her pregnancy and race and in retaliation for her resistance to discriminatory activity, after Plaintiff's son was born in January 2019, and her subsequent maternity leave that ended March 6, 2019.

Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") on July 3, 2019, asserting race and pregnancy discrimination and naming as respondent Open Sky Education, located at 3630 Ohio Avenue, St. Louis, Missouri 63118.  On September 16, 2019, Plaintiff filed a second Charge of Discrimination with the MCHR asserting race, retaliation, sex, and pregnancy discrimination, and again naming as respondent Open Sky Education, located at 3630 Ohio Avenue, St. Louis, Missouri 63118.  Plaintiff's second Charge of Discrimination states that she was hired by "Open Sky Education, d/b/a Eagle College

2

Preparatory Schools" (ECF No. 18-3 at 3), and discusses conduct by Eagle College Preparatory Schools and persons who worked with Plaintiff at Gravois Park School including supervisor Margaret Meisinger; co-worker Kelly Jakubowski; "St. Louis Region Executive Director" Matt Hoener; "Director of Curriculum and Instruction (Eagle College Prep Endeavor District/St. Louis)" and later Acting Principal Tiffany Davis; as well as Ciji Pittman, "Open Sky Education's Director of Schools," and David Karst, "Open Sky Education's National Director of Human Resources & Talent Management."

Plaintiff's Motion to Remand states that because her Second Amended Complaint adds Eagle as a Defendant, complete diversity of citizenship no longer exists and the case must be remanded to state court. Open Sky opposes Plaintiff's Motion for Leave to Amend on the basis that Plaintiff failed to exhaust her MCHR administrative remedies as to Eagle and therefore her proposed amendment is futile. Open Sky opposes the Motion to Remand on the basis that Plaintiff failed to exhaust her administrative remedies with respect to Eagle, Eagle should not be joined a party to the case, and therefore the Court retains original jurisdiction under 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between Open Sky and Plaintiff.

**II.   Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure generally governs amendment of pleadings. Rule 15(a) provides in pertinent part:

> (1) **Amending as a Matter of Course**.  A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it; or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a) where a party seeks leave to amend before the Case Management Order's deadline, as here, the Court nonetheless has discretion whether or not to grant leave. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Under well-established Eighth Circuit precedent, "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (quoting Silva v. Metropolitan Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014)). Thus, when a district court denies leave to amend on the basis of futility, it "has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" Cornelia I. Crowell GST Trust v. Possis Medical, Inc, 519 F.3d 778, 781-82 (8th Cir. 2008) (cited case omitted)

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter,

4

accepted as true, to state a claim to relief that is plausible on its face.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In the removal context, the traditional Rule 15 analysis is further informed by the provisions of 28 U.S.C. § 1447(e). "'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997) (quoting 28 U.S.C. § 1447(e)). "Under § 1447(e) the joinder or substitution of nondiverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable." Id. (citation omitted).

### III.   Discussion

#### A.   Motion for Leave to Amend

The issue presented is whether Plaintiff's failure to name Eagle as a respondent on her MCHR Charges renders any MHRA claim against Eagle barred. If so, amendment of Plaintiff's complaint to join Eagle would be futile. In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party. Usenko v. MEMC LLC, 926 F.3d 468, 472 (8th Cir.), cert. denied, 140 S. Ct. 607 (2019). The Court applies the same principles in determining whether Plaintiff's proposed Second Amended Complaint would be futile.

The Missouri Supreme Court has taken a liberal approach to the fulfillment of procedural requirements under the MHRA. See Hill v. Ford Motor Co., 277 S.W.3d 659, 670 (Mo. 2009)

(en banc)). It has stated that "the importance of maintaining the availability of complete redress of legitimate grievances without undue encumbrance" may outweigh the interests served by the MHRA's procedural requirements, "especially where demanding full and technical compliance" would not advance the underlying purposes of the procedural requirements. Hill, 277 S.W.3d at 670 (quoted case omitted). The purposes underlying the procedural requirements are giving notice to the charged party and providing an avenue for voluntary compliance without resort to litigation. Id. at 669. Thus, while the purposes behind the MHRA's procedural requirement must be considered, less weight should be given to them where they would not be advanced by demanding full and technical compliance. See id. at 669-70.

The Missouri Supreme Court has held that failure to name a party as a respondent in a MCHR Charge may be excused "where there is a substantial identity of interest between the parties sued and those charged." Id. at 669. The court identified the following four factors as relevant to a determination whether a substantial identity of interest exists:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [MCHR] complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [MCHR] proceedings; 3) whether its absence from the [MCHR] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 669-70. The court in Hill also stated that failing to include a party in an administrative action will bar suit *only* if it resulted in prejudice to the omitted party. Id. at 662. The inquiry is strongly fact-specific and federal courts have both allowed and disallowed joinder of defendants who were not named in a plaintiff's MCHR Charge. See, e.g., Stoker v. Lafarge N. Am, Inc., 2013 WL 434049, at *4 (W.D. Mo. Feb. 5, 2013) (citing cases).

Here, after considering the parties' arguments asserted in the briefing of both Motions and applying the four factors to the facts as set forth in Plaintiff's proposed Second Amended Complaint and its accompanying exhibits, the Court concludes there is a reasonable basis to believe that under Missouri law there may be a substantial identity of interests between Open Sky and Eagle sufficient to excuse Plaintiff's failure to name Eagle as a respondent in her MCHR Charges.

Plaintiff contends she clearly identified Eagle under a pseudonym in her Charges, acting under the mistaken impression that Eagle operated under the auspices of the named respondent, Open Sky.  Plaintiff stated in her Amended Charge that she was hired by "Open Sky Education d/b/a Eagle College Preparatory Schools" to work at the "Gravois Park" school located at 3630 Ohio Avenue, St. Louis, Missouri, and was supervised by employees working at the Gravois Park School and simultaneously received supervision from employees specifically named as working for Open Sky, which should have put both Open Sky and Eagle on notice of her claims.

Plaintiff asserts that it appeared Eagle was an alter ego or part of Open Sky, which held itself out as being part of Eagle.  Plaintiff points to Open Sky's statement in its Position Statement in response to the original Charge, that "EAGLE Gravois Park School is one of several schools in the EAGLE College Preparatory Schools network, which is managed by Open Sky" (ECF No. 31-1 at 3); the offer letter of Plaintiff's employment, which states that "EAGLE schools are part of Open Sky Education," and bears a simultaneous "Open Sky Education" letterhead and the "Eagle College Preparatory Schools" logo (ECF No. 31-1 at 7); and the Team Member Handbook that incorporates simultaneous "Open Sky Education" and "Eagle College Preparatory Schools" logos.  Plaintiff's proposed Second Amended Complaint alleges that Open Sky is the sole owner of Eagle (ECF No. 18-1 at 1, ¶ 4).  These allegations may be sufficient

7

under Missouri law to find that Open Sky and Eagle held themselves out to Plaintiff as alter egos or parent/subsidiary corporations sufficient to excuse her failure to ascertain at the time of filing that they were separate entities.

Plaintiff also asserts that Eagle cannot seriously contend it was prejudiced by her failure to name it in the Charges of Discrimination, because Open Sky's response to her original Charge failed to clarify that Plaintiff was employed through a separate entity, actively undertook to answer the Charge on Eagle's behalf, and represented that Eagle was part of Open Sky for purposes of responding to the Charge.  Under these circumstances, Missouri law may permit the finding that Open Sky's interests are so similar to Eagle's that for the MHRA's purposes of providing notice and obtaining voluntary conciliation it would be unnecessary to include Eagle in the administrative charges.  It is also possible that under these circumstances Eagle would not have done anything different even if Plaintiff had named it in her Charges.  In sum, it does not appear to the Court that the necessary prejudice exists to bar Plaintiff's claims against Eagle. See Hill, 277 S.W.3d at 662.

The Court finds Plaintiff's proposed Second Amended Complaint is not futile as there is a reasonable basis for predicting that under Missouri law and the facts alleged, Plaintiff may be able to assert MHRA claims against Eagle even though she did not name it in her MCHR Charges of Discrimination.  For the reasons discussed above, there may be a substantial identity of interest between Eagle and named respondent Open Sky adequate to meet the MHRA's purposes of notice and opportunity for voluntary compliance, and thus excuse Plaintiff from naming Eagle.

As a result, the Court does not reach the legal conclusion that Plaintiff's proposed Second Amended Complaint could not withstand a motion to dismiss under Rule 12(b)(6).  See

Hillesheim, 897 F.3d at 955 (legal standard).  Plaintiff's motion for leave to amend will be granted.  Cf. Johnson v. Sailormen, Inc., 2016 WL 740084, at *2 (E.D. Mo. Feb. 25, 2016) (granting leave to amend complaint to assert MHRA claim against non-diverse defendants not named in MCHR charge of discrimination; rejecting argument that amendment would be futile).

  B.  Motion to Remand

  Plaintiff's Second Amended Complaint alleges that she and Eagle are citizens of the State of Missouri.  Because the Court has allowed Plaintiff to amend her complaint to include Eagle as a Defendant, the parties are no longer diverse and this Court lacks subject matter jurisdiction to hear the case.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The Court will grant Plaintiff's Motion to Remand and remand this case to the Circuit Court for the City of St. Louis, Missouri.

  Accordingly,

  **IT IS HEREBY ORDERED** that Plaintiff Tierra Jackson's Motion for Leave to Amend First Amended Complaint (ECF No. 18) is **GRANTED**.

  **IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket Plaintiff's Second Amended Complaint, which was submitted as an attachment to the Motion for Leave.

  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State Court (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri, from which it was removed, for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of September, 2020.